W. EUGENE DAVIS, Circuit Judge, joined by CARL E. STEWART, Circuit Judge,
Dissenting:
I dissent from the order dismissing this appeal for the following reasons.
As the order states, we do not have a quorum of the court to act in this case. By way of background, a panel of this court, after full consideration of the briefs and oral argument, decided appellant’s appeal. Appellee then applied for en banc rehearing and a vote was taken. Only nine of the seventeen active judges were unrecused and qualified to participate in a vote. By 6 to 3, the nine qualified judges voted to grant rehearing en banc. Shortly after the case was voted en banc, one of the six judges voting for en banc declared herself recused thereby causing the court to lose its quorum. Instead of declaring that the loss of a quorum automatically dis-en banced the case causing the case to return to its status before it was voted en banc, five of the eight remaining unrecused judges voted to enter the attached order dismissing the appeal. The five judges who entered this order reasoned that this result was mandated by our Local Rule 41.3, which provides: “Unless otherwise expressly provided, the granting of a rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate.”
1. Local Rule 41.3 was never designed to apply in this situation where the court, after voting a case en banc, loses its quorum and the en banc court never considers the appeal on its merits. It is a provisional, practical rule that alerts practitioners and courts of the fact that the panel opinion is not precedential pending consideration of the merits of the case by the en banc court.
It makes no sense to allow a vote to take a case en banc to dictate the result on the merits. Judges vote for en banc consideration for any number of reasons other than the fact that they conclude that the panel has reached an erroneous result. They may vote for en banc simply because they believe it presents a serious question that the full court should consider or simply because they have some question about the correctness of the result. Judges are rarely prepared to definitively decide the *1056 merits of the case when they vote for or against en banc reconsideration.
2. Appellants in this case have a statutory right to appeal the adverse judgment of the district court to this court. The dismissal of this appeal based on a local rule has the effect of depriving appellants of their right to an appeal and allows the local rule to trump federal statutes.
3. Moreover, I find an inexplicable disconnect between the notion that a majority of the eight unrecused judges has no authority to do anything except literally apply our Local Rule 41.3 strictly as written; yet they do have the authority to dismiss the appeal.
4. Alternatively, 28 U.S.C. § 291 provides an avenue that would avoid depriving appellant of his direct appeal. Section 291 permits the Chief Justice to appoint a judge from another circuit to allow this court to have a quorum to consider the case en banc. 28 U.S.C. § 291 provides that: “(a) the Chief Justice of the United States may, in the public interest, designate and assign temporarily any circuit judge to act as circuit judge in another circuit upon request of the chief judge or circuit justice of such circuit.” Acting Chief Judge E. Grady Jolly indicated his willingness to request the Chief Justice to designate such a temporary judge if a majority of the eight judges had requested it. We are aware that it would be an unusual request to appoint a judge from another circuit to constitute a quorum of the en banc court but we believe such a request is justified here where the alternative is the appellant must completely lose his right to a direct appeal.